FILED
Jeffrey A. Apperson, Clerk

JAN 0 9 2006

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION 3:04CV-411-H

BETTY YOUNIS                                                                PLAINTIFF

V.

MICHAEL CHERTOFF, SECRETARY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY                                                DEFENDANT

## JURY INSTRUCTIONS

Members of the Jury, now that you have heard all of the evidence and the arguments by the attorneys, it is my duty to give you instructions as to the law applicable in this case. It is your duty as jurors to follow the law as stated in these Instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the Instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these Instructions whether you agree with it or not.

It is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record. It is your own interpretation and recollection of the events that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

In saying that you must consider all the evidence, I do not mean to suggest that you must

necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of that witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have seen and heard.

All persons are entitled to equal justice under this law. This applies to government agencies, such as the Defendant in this case, as well as individuals. The parties in this case are entitled to your careful deliberation without regard to the fact that one is a government agency and the other is an individual.

In this case it is the Plaintiff's responsibility to persuade you that his claim is more likely true than not. If Plaintiff fails to persuade you on any essential element of his claim, then you should find for the Defendant on that claim.

## INSTRUCTION NO. 1

Under Title VII of the Civil Rights Act of 1964, it is an unlawful employment practice for an employer to discriminate against any individual because of his or her sex. In this lawsuit, the Plaintiff claims that the Defendant did not permit her to retain the entirety of a pay increase that she had been receiving during her temporary employment in Washington D.C. because she is female. In order for Plaintiff to prevail on her claim, she has the burden of proving that both of the following elements are more likely true than not:

(1) The Defendant subjected the Plaintiff to an adverse employment action.

(2) The Plaintiff's sex was a motivating factor in the adverse employment action.

As to element (1) listed above, an adverse employment action is a materially adverse change in the terms or conditions of employment. In this case, the Plaintiff alleges that Defendant did not permit the Plaintiff to retain a pay increase that she had been receiving in Washington D.C. after the Plaintiff returned to Louisville in July of 2003, and that this was an adverse employment action.

As to element (2) listed above, it is not necessary for the Plaintiff to prove that her sex was the sole or exclusive reason for the adverse employment action. It is sufficient if the Plaintiff proves that her sex was a motivating consideration that made a difference in the Defendant's decision. However, if you believe that the Defendant's decision was unrelated to the Plaintiff's gender, then you must find in favor of the Defendant.

If you find the Plaintiff has proved both of the two elements listed above, please find for the Plaintiff under Question No. 1 of the Verdict Form. If, on the other hand, the Plaintiff has failed to prove any one of these elements, please find for the Defendant.

## INSTRUCTION NO. 2

Under Title VII of the Civil Rights Act of 1964, it is an unlawful employment practice for an employer to retaliate against an individual for exercising his or her right to file a sexual discrimination claim. In this lawsuit, the Plaintiff claims that her employment with the Transportation Security Administration was terminated in retaliation for filing a Title VII complaint with the TSA Office of Civil Rights on or about October 3, 2003. The plaintiff has the burden of proving that each of the following elements is more likely true than not:

(1) The Plaintiff engaged in or was engaging in an activity protected under federal law, that is, she filed a sexual discrimination complaint with the TSA Office of Civil Rights on or about October 3, 2003.

(2) The Defendant subjected the Plaintiff to an adverse employment action, that is, the Defendant terminated the Plaintiff's employment.

(3) At the time the Defendant carried out the adverse employment action, the Defendant knew that the Plaintiff had engaged in the protected activity.

(4) The protected activity was a motivating factor in the adverse employment action.

As to element (4) listed above, it is not necessary for the Plaintiff to prove that the protected activity was the sole or exclusive reason for the Defendant's decision to terminate the Plaintiff. It is sufficient if the Plaintiff proves that the protected activity was a motivating consideration that made a difference in the Defendant's decision. However, if you believe that the Defendant's decision to terminate the Plaintiff's employment was unrelated to the protected activity, then you must find in favor of the Defendant.

If you find that the Plaintiff has proved each of the four elements listed above, please find for the Plaintiff under Question No. 2 of the Verdict Form. If, on the other hand, the Plaintiff has

failed to prove any one of these elements, please find for the Defendant.

## INSTRUCTION NO. 3

If you find for the Plaintiff under either Instruction No. 1 or Instruction No. 2, you must decide the issue of damages. However, if you find for the Defendant under both of those Instructions, please disregard this Instruction and return to the courtroom.

You may award compensatory damages only for injuries that the Plaintiff has proved were caused by the Defendant's wrongful conduct.

If you find for the Plaintiff on Instruction No. 1, you may award the Plaintiff the difference between the salary that the Plaintiff should have earned upon returning to Louisville in July 2003 and the salary she actually earned, as lost wages and benefits.

If you find for the Plaintiff under Instruction No. 2, you may award the Plaintiff her lost wages and benefits which, as applied here, is the amount that the Plaintiff would have earned by working for the Defendant if she had not been terminated. This amount includes the reasonable value of wages and benefits that the Plaintiff has lost up to the present time and it includes the reasonable value of wages and benefits which with reasonable probability the Plaintiff will lose in the future. From this amount, you should subtract the total amount that the Plaintiff has earned during the same period, in wages, earnings or other income and benefits.

You may also award the Plaintiff damages for emotional distress. Plaintiff is not automatically entitled to damages for emotional distress. In order to be entitled to emotional distress damages, Plaintiff must prove that she has suffered mental anguish, humiliation, embarrassment, or stress, as a consequence of unlawful discrimination or retaliation on the part of the Defendant.

Please enter the amount of your verdict for lost wages and benefits and/or emotional distress, if any, in Question No. 3 of the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate toward reaching an agreement, if you can do so while remaining consistent with your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous; but do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in this Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, will have your foreperson fill in, date and sign the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION 3:04CV-411-H

BETTY YUNIS                                                                                    PLAINTIFF

V.

MICHAEL CHERTOFF, SECRETARY,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY                                                              DEFENDANT

**VERDICT FORM**

**QUESTION NO. 1:**

    Plaintiff _____                    Defendant _____


**QUESTION NO. 2:**

    Plaintiff _____                    Defendant _____


**QUESTION NO. 3:**

    Amount of Lost Wages and Benefits:             $ _____

    Amount of Emotional Distress Damages:          $ _____



_____
FOREPERSON

DATE_____